IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARRIE HIXSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 4:16-cv-00299 |
| | § | |
| EBERSTEIN & WETHERITE, | § | |
| L.L.P., AMY K. WITHERITE, | § | |
| and BRIAN A. EBERSTEIN, | § | A Jury is Demanded |
| | § | |
| DefendantS. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Carrie Hixson, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA"). This is an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

**PARTIES**

1. Plaintiff, Carrie Hixson, was an "employee" of Defendants, as that term is defined by the FLSA. During his employment with the Defendants, the Plaintiff was an individual directly engaged in interstate commerce, and her work was essential to Defendants' business. Plaintiff resides in Harris County, Texas.

1

2. Eberstein & Witherite, LLP, ("E&W"), is a domestic for-profit Texas Limited Liability Partnership engaged in the practice of law in Harris County, Texas. With respect to Plaintiff, Defendant E&W is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). The work of the Defendants involves the actual selling of goods and services using interstate commerce and the modalities of communication, including the Internet and phone lines.

3. Amy K. Witherite, is an individual partner of the firm and acted as supervisor of Plaintiff during the relevant time period. Amy K. Witherite is an individual engaged in the direction and supervision of Plaintiff during the employment of the Plaintiff.

4. Brian A. Eberstein, is an individual partner of the firm and acted as supervisor of Plaintiff during the relevant time period. Brian A. Eberstein is an individual engaged in the direction and supervision of Plaintiff during the employment of the Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted

business within this judicial district and the events underlying this complaint occurred within this judicial district.

### **FACTS SUPPORTING RELIEF**

6. Defendants employed Plaintiff as a paralegal from March 7, 2014 through October 30, 2015. Plaintiff's duties included engaging in paralegal work, including but not limited to reviewing documents, utilizing computers to prepare and edit documents, answering phones as specific client contact, drafting motions, coordinated with the court house, interviewing clients for discovery and drafting their responses, preparing for trial and pre-trial documents, hearings, and engaging in generalized paralegal work.

7. Plaintiff was required and permitted to work from Monday through Friday and routinely logged 55 hours per week, sometimes working seven days per week. Plaintiff was paid a straight $55,000.00 per year, regardless of the number of hours worked. Plaintiff was allowed a lunch break, but frequently unable to take one.

8. At that rate of pay for the hours worked, Defendant was paying Plaintiff $19.23/hour ($1,057.69 per week).

9. Plaintiff does not have a written agreement with Defendants.

10. Upon information and belief, Plaintiff was docked for days missed during the work week exceeding paid time off.

11. During some or all of the workweeks of his tenure with the Defendants, the Plaintiff worked in excess of 40 hours per week.

12. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

13. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

14. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541. Plaintiff was not exempt from the protection of the FLSA.

15. The Defendants did not make a good faith effort to comply with the overtime or minimum wage provisions contained within the FLSA.

16. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

17. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

18. Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants have provided records or initial disclosures have been made, if necessary.

### FIRST CAUSE OF ACTION: VIOLATION OF THE FLSA

### FLSA OVERTIME PROVISION

19. Plaintiff incorporates all averments of fact into this First Cause of Action for violation of the FLSA overtime provision.

20. During one or more workweeks of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours.

21. The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

22. Defendants did not pay Plaintiff the overtime rate for hours worked over forty (40).

23. The Defendants willfully denied Plaintiff's right to overtime compensation under the FLSA.

24. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

25. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper hourly rate.

26. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

27. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims she has asserted in this Complaint.

**P**RAYER FOR **R**ELIEF

Carrie Hixson, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendant that their violation of the FLSA was willful;

3. Judgment against Defendant for an amount equal to the unpaid wage damages as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID:  11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph:  800-634-8042
Ph:  512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**